CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 03 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADRIAN NATHANIEL BACON, | ) | Civil Action No. 7:13cv00324 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WALTER SWINEY, *et al.*, | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Adrian Nathaniel Bacon, a Virginia inmate proceeding *pro se*, filed this civil rights action

under 42 U.S.C. § 1983 against Red Onion State Prison officials, W. Swiney, S. Franklin, J.

Kiser, E. Miller, J. Woliver, M. Addington, R. Lawson, C. Quillen, and Johnson, alleging some

of them used excessive force against him and the others failed to protect him during a cell

extraction. The defendants have moved for summary judgment. Finding that genuine issues of

material fact exist as to Bacon's claims, the court will deny the defendants' motion.

## I.

According to Bacon's complaint, during a cell extraction on May 7, 2013, Lawson,

Addington, Quillen, and Johnson "punched, kicked, and kneed" him while he was "down on the

floor non-resistant," while Swiney, Franklin, Kiser, Miller and Woliver "stood by [and] watched

without intervening." (Compl. at 2-3.) As a result of the alleged force, Bacon claims he

sustained "a contusion to [his] head, laceration to [his] right ear, swollen hands and wrists with

lacerations." (Compl. at 2.) The defendants have moved for summary judgment, with supporting

affidavits from each of them.[1] According to all of the affidavits, Bacon refused to come out of

his cell, a cell extraction was performed in accordance with prison policy, and no defendant used

---

[1] In support of their motion, the defendants also submitted a video recording taken during the cell
extraction.

or observed any excessive force against Bacon during the extraction.[2] Bacon responded by reasserting his claims, and the matter is ripe for disposition.

## II.

In light of the conflicting accounts, the court will deny the defendants' summary judgment motion.[3] The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee inmate safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Although the Eighth Amendment does not prohibit all applications of force or inflictions of pain, it does prohibit unnecessary and wanton infliction of pain and suffering, which turns on "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm," United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)), and it also prohibits a prison official's failure to intervene despite a "substantial risk of serious harm." Farmer, 511 U.S. at 828, 834; Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).

Here, Bacon alleges Lawson, Addington, Quillen, and Johnson maliciously and sadistically assaulted him without provocation during a cell extraction, and that Swiney, Franklin, Kiser, Miller, and Woliver failed to intervene. The court has before it two conflicting

---

[2] (Swiney Aff. at 1-2; Franklin Aff. at 1-2; Kiser Aff. at 3-4; Miller Aff. at 2-3; Lawson Aff. at 1-2; Addington Aff. at 1-2; Quillen Aff. at 1-2; Johnson Aff. at 1-2; Woliver Aff 1-2.)

[3] Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

accounts, which create genuine issues of material fact and, therefore, the court will deny the defendants' summary judgment motion.[4]

## III.

For the reasons stated, the court will deny defendants' motion for summary judgment.[5]

**ENTER**: This April 3, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The court reviewed the video the defendants submitted in support of their motion and finds that it is inconclusive.

[5] Defendants assert they are entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A court must determine whether any right was violated and also whether that right was clearly established. See Miller v. Prince George's Cnty., 475 F.3d 621, 626-27 (4th Cir. 2007). Courts may exercise discretion in deciding which of the two prongs to address first. Pearson v. Callahan, 555 U.S. 223, 226 (2009). If true, Bacon's specific version of events, in which he was non-resistant while some defendants "punched, kicked, and kneed" him while others watched, objectively violates his Eighth Amendment right to be free from excessive force, a violation that would have been clear to a reasonable prison official. E.g., Whitley, 475 U.S. at 318-20. The defendants accordingly are not entitled to qualified immunity.